Philip W. Crawford, Esq.
Attorney ID No.: 023431980
Amanda M. Munsie, Esq.
Attorney ID No.: 073032013
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey  07102-5310
(973) 596-4500
pcrawford@gibbonslaw.com
amunsie@gibbonslaw.com
*Attorneys for Defendant*
*Insys Therapeutics, Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH FULLER & DAVID FULLER, as Administrators Ad Prosequendum for the Estate of SARAH A. FULLER, Deceased, and DEBORAH FULLER, & DAVID FULLER, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>VIVIENNE MATALON, M.D., TLC HEALTHCARE 2, LLC, INSYS THERAPEUTICS, INC., LINDEN CARE, LLC, INC., JOHN DOE, 1-10 (fictitious), ABC CORPORATION 1-10 (fictitious), Individually, Jointly, Severally and/or in the Alternative,<br><br>Defendants. | Civil Action No.:<br><br>**NOTICE OF REMOVAL**<br><br>[Previously pending in the Superior Court of New Jersey, Law Division, Middlesex County, MID-L-1859-17]<br><br>*Document Electronically Filed* |

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW JERSEY**

PLEASE TAKE NOTICE THAT Defendant Insys Therapeutics, Inc. (hereinafter "Insys" or "Defendant"), by and through its counsel, Gibbons P.C., pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, respectfully requests that this action be removed from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for

the District of New Jersey, on the basis of the facts set forth below.

## BACKGROUND

1. On or about March 23, 2017, Plaintiffs, Deborah Fuller and David Fuller, as Administrators Ad Prosequendum for the Estate of Sarah A. Fuller, deceased, and, Deborah Fuller and David Fuller, Individually (hereinafter "Plaintiffs"), filed a Complaint against Insys in the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. MID-L-1859-17. A true and complete copy of the Complaint served upon Defendant is attached hereto as Exhibit A.

2. Service of the Summons and the Complaint was effectuated upon Insys on April 14, 2017. A true and complete copy of the Summons served upon Defendant is attached hereto as Exhibit B.

## DIVERSITY OF THE PARTIES

3. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action by reason of diversity of citizenship and an amount in controversy which exceeds the sum or value of $75,000, exclusive of interest and costs.

4. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a), which allows a defendant or defendants to remove any civil action brought in a state court over which the District Courts of the United States have original jurisdiction, to the district court of the United States for the district and division embracing the place where such action is pending.

5. Plaintiffs are, and were at the time of filing suit, citizens of New Jersey. Under 28 U.S.C. § 1332(c), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." Plaintiffs allege that they, and the decedent, were citizens of New Jersey at all relevant times. See Complaint at ¶¶ 1-2, Exhibit A.

Accordingly, the decedent was a New Jersey citizen and Plaintiffs are New Jersey citizens.

6. Defendant Insys Therapeutics, Inc. is, and was at the time Plaintiffs filed suit, a Delaware corporation with its principal place of business in Arizona. For the purpose of determining subject matter jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), therefore, Insys Therapeutics, Inc. is a citizen of the States of Delaware and Arizona.

7. Defendant Linden Care, LLC ("Linden Care") is, and was at the time Plaintiffs filed suit, a limited liability company comprised of only two members, both of which are Delaware corporations. See email from Paul Schaaff, Jr., Esq., dated October 4, 2017, of which a true and complete copy is attached hereto as Exhibit C. Upon information and belief, and based upon a good-faith inquiry by the undersigned, Linden Care is a citizen of Delaware for the purpose of determining subject matter jurisdiction pursuant to 28 U.S.C. § 1332(c)(1). See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 107 (3d Cir. 2015) (holding that allegations based on information from another defendant, made "on 'information and belief' that the [other] defendant was not a citizen of [the same state as the plaintiffs]" "sufficed to establish diversity").

8. Moreover, Linden Care affirmatively confirms that it has no New Jersey members and, therefore, is not a citizen of New Jersey pursuant to 28 U.S.C. § 1332(c)(1). See email from Paul Schaaff, Jr., Esq., dated October 4, 2017, of which a true and complete copy is attached hereto as Exhibit C; Lewis v. Rego Co., 757 F.2d 66, 69 (3d Cir. 1985) ("The [removal] petition alleged that all the plaintiffs were citizens and residents of Pennsylvania. It was sufficient to establish diversity jurisdiction to allege that [another defendant] was not a citizen of Pennsylvania. This statement was based on information which counsel for the removing defendants obtained from [the other defendant's] representatives . . . . The effectiveness of the

removal petition was not vitiated by the fact that in an abundance of caution it characterized the information about [the other defendant's] citizenship as being based on information and belief.").

9. Two other defendants, Vivienne Matalon, M.D., and TLC Healthcare2, LLC, also were sued in this action. Both of these defendants are New Jersey citizens. Plaintiffs recently dismissed, with prejudice, both defendants. Therefore, these defendants' citizenship is disregarded for removal purposes.

## AMOUNT IN CONTROVERSY

10. The threshold requirement for the amount in controversy in order to support removal pursuant to 28 U.S.C. § 1332(a) is met. Although Plaintiffs did not specify a monetary amount sought in their Complaint, Plaintiffs have asserted allegations that place the amount in controversy above $75,000. Specifically, Plaintiffs have filed an offer for judgment as to Insys in the amount of Five Million Dollars. A true and complete copy of the Offer for Judgment served upon Insys is attached hereto as Exhibit D.

11. Further, "a reasonable reading of the value of the rights being litigated" results in the conclusion that the amount in controversy is satisfied. Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993); see Calender v. NVR, Inc., No. 10-cv-4277 (NLH)(KMW), 2011 WL 4593759, at *1 n.2 (D.N.J. Sept. 30, 2011) (holding that allegations of "severe and permanent bodily injuries" left "no reason to doubt that the amount of damages" met the amount in controversy), Exhibit E. Here, beyond even allegations of personal injury, Plaintiffs seek damages for the death of their daughter. The amount in controversy or "value of the rights being litigated" is not in doubt here.

## REMOVAL REQUIREMENTS SATISFIED

12. This Notice of Removal is being filed within one-year after Defendant Insys

Therapeutics Inc. received a copy of the Complaint filed by Plaintiffs in the Superior Court of New Jersey, Law Division, Middlesex County, making this removal timely pursuant to 28 U.S.C. § 1446(c).

13. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3), which provides that a removal may be filed within thirty (30) days of receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable. Here, Insys received the Stipulation of Dismissal with Prejudice between Plaintiffs and the only non-diverse defendants, Vivienne Matalon, MD, and TLC Healthcare2, LLC, on September 28, 2017. A true and complete copy of the Stipulation of Dismissal with Prejudice served upon Insys is attached hereto as Exhibit F.

14. A case that is not initially removable can become removable by a voluntary act of the plaintiff, including the voluntary dismissal of the non-diverse defendant. See, e.g., Great N. Ry. Co. v. Alexander, 246 U.S. 276, 281 (1918); Piacentile v. Thorpe, No. 12-CV-7156-ES-SCM, 2013 WL 11066484, at *3-*5 (D.N.J. Aug. 30, 2013), Exhibit G. Here, Plaintiffs' voluntary stipulation dismissing, with prejudice, the claims against the only non-diverse defendants rendered this initially non-removable case removable.

15. Defendant Linden Care consents to this removal. See email from Paul Schaaff, Jr., Esq., dated October 4, 2017, of which true and complete copy is attached hereto as Exhibit C.

16. This Notice of Removal is being filed in the District of New Jersey, the District Court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

17. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal and Notice of

Filing of Notice of Removal will be provided to Plaintiff and Defendant Linden Care, and filed with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County.  <u>See</u> copy of the Notice of Filing of Notice of Removal notifying the New Jersey Superior Court, Middlesex County of removal attached hereto as <u>Exhibit H</u>.

18. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Insys in the State court are attached hereto collectively as <u>Exhibit I</u>.

19. By filing this Notice of Removal, Insys does not waive any defenses or rights that may be available to it.

20. This Notice of Removal is signed pursuant to <u>Rule</u> 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendant respectfully requests that this action be duly removed to this Court, and that it proceed herein.

                     **GIBBONS P.C.**
                     *Attorneys for Defendant*
                     *Insys Therapeutics, Inc.*

                     By:<u>*/s/ Philip W. Crawford*</u>
                         Philip W. Crawford
                         Amanda M. Munsie

DATED:  October 4, 2017

Of Counsel:

Adam P. Schwartz, Esq.
Attorney ID No.: 018351995
David J. Walz, Esq. *(to be admitted pro hac vice)*
**CARLTON FIELDS JORDEN BURT, P.A.**
4221 W. Boy Scout Blvd., Ste. 1000
Tampa, Florida  33607-5780
Telephone:  (813) 223-7000
*Attorneys for Defendant*
*Insys Therapeutics, Inc.*