IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH FULLER & DAVID FULLER, as Administrators Ad Prosequendum for the Estate of SARAH A. FULLER, deceased and, DEBORAH FULLER, & DAVID FULLER, Individually | CIVIL ACTION |
| | 2:17-cv-07877-ES-SCM |
| Plaintiff(s) | |
| v. | |
| VIVIENNE MATALON, M.D., TLC HEALTHCARE 2, LLC, INSYS THERAPEUTICS, INC., LINDEN CARE, LLC INC., JOHN DOE, 1-10 (fictitious), ABC CORPORATION 1-10(fictitious), Individually, Jointly, Severally and/or in the Alternative | |
| Defendant(s) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR REMAND RETURNABLE NOVEMBER 6, 2017**

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES .................................................................................. ii

FACTS/PROCEDURAL HISTORY ..................................................................... 1

LEGAL ARGUMENT ........................................................................................... 8

    A.    Defendant's Notice of Removal Should Be Declined And This Case Remanded Due To The Indispensable Companion Matter Pending In The Court of Original Jurisdiction .............................. 8

CONCLUSION ....................................................................................................... 12

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Ables v. State Farm Fire and Cas. Co.*,
   770 F.2d 26 (3d Cir. 1985)..................................................................... 12

*<u>Barr v. Champion International Corp., Bldg. Products Div. & Timberland Div.</u>*,
   617 F. Supp 45 (1985 DC Mont)............................................................. 9

*Batson v. Lederle Lab.*,
   290 N.J. Super 49 (App. Div. 1996).......................................................... 10

*Exxon Mobil Corp. V. Allapattah Servs.*,
   545 U.S. 546 (2005).................................................................................. 11

*Glenmede Trust Co. v. Dow Chem. Co.*,
   384 F. Supp 423 (E.D. Pa. 1974).............................................................. 9

*Gulf Oil Corp. v. Gilbert*,
   330 U.S. 501 (1946).................................................................................. 8

*IFC Interconsult, AG v. Safeguard Int'l Partners*,
   438 F.3d 298 (3d Cir. 2006)...................................................................... 9

*Martin v. Franklin Capital Court*
   546 U.S. 132, 141 (2005)......................................................................... 12

*McGuire v. Safeware, Inc.*,
   2013 U.S. Dist. LEXIS 133274 (E.D. Pa. 2013)...................................... 11

*New York by Abrams v. General Motors Corp.*,
   547 F.Supp.703 (SD NY 1982)................................................................ 11

*Owen v. Hartford Ins. Co.*,
   2014 U.S. Dist LEXIS 82172*; 2014 WL 2737842................................. 9

*Robert T. Winzinger, Inc. v. Brennan Bros., Inc.*,
   191 N.J. Super 114 (Law. Div. 1983)....................................................... 10

**Statutes**

| | |
|---|---|
| 28 U.S.C. § 1367 | 11 |
| 28 U.S.C. § 1447(c) | 11, 12 |
| 28 U.S.C. § 1447(d) | 13 |

**Rules**

| | |
|---|---|
| Rule 4:38-1 | 10 |

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH FULLER & DAVID FULLER, as Administrators Ad Prosequendum for the Estate of SARAH A. FULLER, deceased and, DEBORAH FULLER, & DAVID FULLER, Individually<br><br>Plaintiff(s)<br><br>v.<br><br>VIVIENNE MATALON, M.D., TLC HEALTHCARE 2, LLC, INSYS THERAPEUTICS, INC., LINDEN CARE, LLC INC., JOHN DOE, 1-10 (fictitious), ABC CORPORATION 1-10(fictitious), Individually, Jointly, Severally and/or in the Alternative<br>                        Defendant(s) | CIVIL ACTION<br><br>2:17-cv-07877-ES-SCM |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR REMAND RETURNABLE NOVEMBER 6, 2017**

**I.    FACTS/PROCEDURAL HISTORY**

Plaintiffs' case is a claim for personal injuries and wrongful death that resulted from a nationwide fraudulent scheme perpetrated by the Defendants, Insys Therapeutics, Inc.("Insys") and Linden Care, LLC ( "Linden Care"). Plaintiffs' Complaint sets forth in great detail the incredible, disturbing level of fraud that was planned and carried out by the top executives and employees of these corporate defendants in the State of New Jersey and around the country.

-1-

(Attached is a copy of the Complaint in the case of the <u>Estate of Sarah Fuller v Insys Therapeutics, Inc., et al.</u>, Docket No. MID-L-1859-17 attached as Exhibit A).

By way of brief background, Decedent, Sarah Fuller, died at the age of thirty-two (32) due to respiratory depression from prescription fentanyl named Subsys, which was manufactured by Insys. Subsys was approved in 2012 by the FDA *only for* "the management of breakthrough pain in patients with cancer." As detailed in Plaintiffs' Complaint, Insys engaged in a massive fraudulent scheme nationwide from 2012-2016, in the marketing and promoting the use of Subsys for persons that did not have pain from cancer and in turn paid kickbacks to doctors to prescribe Subsys to those who did not have cancer. Then, Insys would fraudulently call the subscribers health insurer misrepresenting it was the physician's office calling and that approval of Subsys was needed for the prospective recipient's breakthrough cancer pain, when in fact, they did not have cancer. This call was made in the case of Sarah A. Fuller and the audio recording was obtained by Plaintiffs' counsel as well as the record of the telephone number where the call was made from, which was Insys' headquarters. The audio has been provided to all counsel in this case.

This scheme was implemented and carried out companywide throughout the nation and a multitude of Insys' (now former) top officers and employees are under federal indictment for RICO, Wire and Mail Fraud, and violation of the Anti-Kickback Law. These indicted officers and employees include: Michael Babich, one-time president and CEO, Alec Burlakoff, Vice President of National Sales; Michael J. Gurry, Vice President of Managed Markets and the Insys Reimbursement Center; Richard Simon, National Director of Sales; Sunrise Lee, Regional Director of Sales; and Joseph Rowan, Sales Director for the East Region.

There have been many other indictments filed against former Insys employees in addition to those mentioned above and more recently, guilty pleas have been entered admitting to the nationwide and companywide fraudulent scheme. On March 27, 2017, Elizabeth Gurrieri a/k/a Elizabeth Wise, the former manager of Insys' Insurance Reimbursement Center, pled guilty to Wire Fraud Conspiracy in violation of 18 U.S.C. section 1349, regarding Insys making fraudulent phone calls to insurance companies and inducing them to pay for Subsys for people that did not have pain from malignant cancer (as was done in this case). Then, on July 11, 2017, CEO Michael Babich's wife, Natalie Levine an Insys salesperson, pled guilty to bribing physicians to prescribe Subsys in violation of Title 18, U.S. Code section 371 (the anti-kickback statute). That same day, Karen Hill, a former Insys Regional Sales manager also pled guilty to the same offense as Ms. Levine and Ms. Hill specifically admitted that the fraudulent acts were committed nationwide.

The fraud and crimes Insys committed against Sarah Fuller and other citizens of New Jersey in this case are now a matter of public record. Attached hereto is a report of the U.S. Senate Homeland Security & Governmental Affairs Committee regarding the practices of Insys Therapeutics in manipulating insurers through fraudulent criminal activities to pay for their illegally prescribed product. *Pages 6-10 of this report specifically details how Insys brought about the death of Sarah Fuller by lying to her insurance company about her diagnosis and her tolerance to opioids. The report specifically references the criminal phone call made by Insys in the Sarah Fuller case and includes a word for word transcription of the phone call.* **(Attached is the report of the U.S. Senate Homeland Security & Governmental Affairs Committee as Exhibit B).**

Vivienne Matalon M.D., a citizen of New Jersey, was originally a defendant in this case when Plaintiffs Complaint was filed in Middlesex County Superior Court on March 23, 2017. When Insys filed its Answer to Plaintiffs' Complaint, Insys asserted a cross-claim against Dr. Matalon. A settlement was reached with Dr. Matalon and a Stipulation of Dismissal as to Dr. Matalon only was filed on September 28, 2017.

Prior to Dr. Matalon settling Plaintiffs' claim against her and the Stipulation of Dismissal being filed, Dr. Matalon filed a Complaint against Insys and Insys sales representative, Melina Ebu-Isaac (a citizen of New Jersey) in Camden County Superior Court docket number CAM-L-3224-17 on August 15, 2017 for Insys' fraud in inducing her to prescribe Subsys for Sarah Fuller. **(Attached is the Complaint of Vivienne Matalon, M.D. v. Insys Therapeutics, Inc., et al., Docket No. CAM-L-3224-17 as Exhibit C).** The Complaint in Matalon v. Insys Therapeutics, Inc., et al. involves the identical facts and transactions as The Estate of Sarah Fuller, Deceased v. Insys Therapeutics, Inc., et al. as clearly indicated by the comparison of both Complaints.

As the case of Matalon v. Insys Therapeutics, Inc., et al. involves the same transactions and occurrences of those in the The Estate of Sarah Fuller, Deceased v. Insys Therapeutics, Inc., et al., a Petition to Transfer Venue was filed in Matalon v. Insys Therapeutics, Inc., et al., in the Camden County Superior Court to be transferred to Middlesex County Superior Court to be consolidated with the instant matter of The Estate of Sarah Fuller, Deceased v. Insys Therapeutics, Inc., et al. **(Attached is a copy of Dr. Matalon's Petition to Transfer Venue dated August 25, 2017 as Exhibit D).**

Fully recognizing that the cases of Matalon v. Insys Therapeutics, Inc., et al., and The Estate of Sarah Fuller, Deceased v. Insys Therapeutics, Inc., et al., clearly involve the same

transactions and occurrences, Camden County Superior Court Judge Deborah Silverman Katz, A.J.S.C. issued an Order dated September 15, 2017 transferring the case of <u>Matalon v. Insys Therapeutics, Inc., et al.</u>, to Middlesex County in order to be consolidated with the case of <u>The Estate of Sarah Fuller, Deceased v. Insys Therapeutics, Inc., et al.</u>, **(Attached is a copy of Judge Silverman Katz's 9/15/17 Order as Exhibit E)**. Counsel for Insys is the same in <u>The Estate of Sarah Fuller, Deceased v. Insys Therapeutics, Inc., et al.</u>, as well as the case of <u>Matalon, et al. v. Insy Therapeutics, Inc., et al.</u>, because Insys and its counsel know that the two cases involve the same exact transactions and occurrences.

In the companion matter of <u>Matalon v. Insys Therapeutics, Inc., et al.</u>, Insys employee, Melina Ebu-Isaac Spalter, a resident/citizen of Voorhees, N.J., is named as a direct defendant. As such, this court cannot exercise supplemental jurisdiction over <u>Matalon v. Insys Therapeutics, Inc., et al.</u>, per 28 U.S.C. § 1367 (b).

Insys failed to advise this court in its Notice of Removal that in addition to its cross-claims for contribution and indemnification against New Jersey citizens, Vivienne Matalon, M.D., and TLC Healthcare 2, LLC, that Insys asserted in the <u>Estate of Sarah Fuller, Deceased v. Insys Therapeutics, Inc.</u>, case that this indispensable parallel Complaint had been filed by Vivienne Matalon, M.D., against, Insys Therapeutics, Inc., Melina Ebu-Isaac Spalter and Linden Care LLC, which clearly arises out of the exact same set of operative facts of this matter and that the two cases require consolidation. However, Insys intentionally refrained from filing the Motion for Consolidation while instead filing its frivolous Notice of Removal.

Local counsel for Insys, Philip W. Crawford, Esquire, was aware of the companion lawsuit of <u>Matalon v. Insys Therapeutics, Inc., et al.</u>, and the September 15, 2017, Order issued by Judge

Silverman Katz transferring the Matalon v. Insys Therapeutics, Inc., et al., case to Middlesex County to be consolidated with the instant Estate of Sarah Fuller, Deceased v. Insys Therapeutics, Inc., et al., case prior to the filing of the Notice of Removal. Dr. Matalon's counsel sent the Complaint and Order to Mr. Crawford on September 15, 2017. Then, Mr. Crawford emailed Dr. Matalon's counsel on October 3, 2017, the day before the Notice of Removal was filed, advising that he would accept service on behalf of Insys. **(Attached is a copy of the 9/15/07 correspondence to Phillip Crawford and his response email of 10/3/17 as Exhibit F)**. Counsel also consented to the transfer of the case to Middlesex County for consolidation. Insys and its counsel was less than forthright in failing to advise this court of the indispensable parallel companion matter of Matalon v. Insys Therapeutics, Inc., et al., that they knew must be consolidated but intentionally refrained to do so in order to delay and disrupt the discovery taking place in this case by the frivolous filing of the Notice of Removal.

The case of Matalon v. Insys Therapeutics, Inc., et al., must be consolidated with this case as both cases arise out of the exact facts, circumstances and occurrences and will require parallel discovery.

In addition to the foregoing, the State of New Jersey just filed a Complaint against Insys in Middlesex County on October 5, 2017, for violation of the The New Jersey False Claims Act, N.J.S.A. 2A: 32C-1. et seq., Consumer Fraud, as well as other claims. **(Attached is the Complaint in Christopher S. Porrino, Attorney General of the State of New Jersey, on behalf of the State of New Jersey, v. Insys Therapeutics, Inc. attached Exhibit G)**. This Complaint specifically details how Insys caused the death of Sarah Fuller by misrepresenting the only safe and approved use for Subsys, lying to her insurance company about her diagnosis and her tolerance to

opioids via the fraudulent call to her health insurer as well as the fraudulent actions of Melina-Ebu-Issac Spalter, a named defendant in Matalon v. Insys Therapeutics, Inc., et al. The case of Christopher S. Porrino, Attorney General of the State of New Jersey, on behalf of the State of New Jersey, v. Insys Therapeutics, Inc., shares a commonality of allegations, facts, witnesses and evidence with this case. The instant Estate of Sarah Fuller, Deceased v. Insys Therapeutics, Inc., et al. case significantly relates to the Christopher S. Porrino, Attorney General of the State of New Jersey, on behalf of the State of New Jersey, v. Insys Therapeutics, Inc., case filed in Middlesex County Superior Court Chancery Division that will require at the very least coordination.

Since the initial filing of this wrongful death civil action, Insys has deployed an abusive pattern of abuse of process of delay and obstructions, in an attempt to prevent the Plaintiff from obtaining any relevant, discoverable information whatsoever regarding its fraudulent conduct that caused the death of Sarah Fuller.

At the time counsel for Insys filed the Notice of Removal in this matter, there were three (3) Discovery Motions pending in Middlesex County Superior Court, returnable October 13, 2017, and a fourth Motion prepared and ready to be filed, seeking sanctions for obstructive and abusive discovery tactics. The Notice of Removal in this matter was filed for one reason and one reason only, to stall, delay, harass and obstruct the Plaintiffs from obtaining any discovery and seeking any redress whatsoever for the despicable fraudulent and criminal actions that led to Sarah Fuller's death. For example, Insys has repeatedly refused to produce any of their indicted officers and directors for depositions, claiming they have no control over former employees, even though Insys is paying for all of their criminal defenses. After Plaintiffs then served the indicted former executives for depositions, Insys conspired to coordinate a multi- state effort through their team of

criminal defense attorneys to quash the subpoenas in New Jersey and in other state courts around the country in which the subpoenas were served.

Because this court is unable to exercise supplemental jurisdiction over the indispensable parallel companion matter of <u>Matalon v Insys Therapeutics, Inc., et al.</u>, which requires consolidation with this case, this matter should be remanded back to Middlesex County Superior Court. Insys and its Counsel knew of the indispensable parallel companion matter of <u>Matalon v. Insys Therapeutics, Inc., et al.</u>, that had been specifically transferred from Camden County to Middlesex County to be consolidated with the instant matter prior to Insys' filing of the Notice of Removal; yet, they intentionally refrained from consolidating the cases for the sole improper purpose of filing the frivolous Notice of Removal in this case. Insys and its counsel knew that the aforementioned cases required consolidation and once consolidated there was no diversity of citizenship and jurisdiction in Federal Court and its Notice of Removal was filed only to prolong litigation and to impose undue costs upon Plaintiffs. As such, Insys and/or its Counsel should reimburse Plaintiffs for attorneys' fees and costs incurred for having to file this Motion to Remand.

## II.    LEGAL ARGUMENT

### A.    DEFENDANT'S NOTICE OF REMOVAL SHOULD BE DECLINED AND THIS CASE REMANDED DUE TO THE INDISPENSABLE COMPANION MATTER PENDING IN THE COURT OF ORIGINAL JURISDICTION

This court has the inherent authority to remand this matter to Middlesex County Superior Court, notwithstanding jurisdiction based on diversity as set forth in Insys' Notice of Removal. In the case of *Gulf Oil Corp. V. Gilbert*, 330 U.S. 501 (1946), the Supreme Court ruled that the District Court of New York had the power to decline jurisdiction based on diversity of citizenship

where New York law as to forum non conveniens warranted the matter be heard in another jurisdiction. The Supreme Court ruled that among the considerations of state law to be weighed in considering whether a district court should decline to exercise jurisdiction based on the convenience of a different forum are all the practical problems that make a trial more easy, expeditious and inexpensive. There is no question that this court has the inherent authority to remand this matter.

In the case of *Owen v. Hartford Ins. Co.,* 2014 U.S. Dist LEXIS 82172*; 2014 WL 2737842, the United States District Court for the State of New Jersey declined to exercise jurisdiction over a civil matter where the plaintiff demonstrated the existence of parallel state proceedings, which militated significantly in favor of declining jurisdiction. **(The decision of U.S. District Court of New Jersey in *Owen v. Hartford* as Exhibit H).** Among the factors considered by the court in making the decision to decline jurisdiction were the convenience of the parties, the public interest, a general policy of restraint when the same issues are pending in a state court and the avoidance of duplicative litigation. If the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court. See *Glenmede Trust Co. v. Dow Chem. Co.,* 384 F.Supp. 423 (E.D. Pa. 1974) A parallel proceeding is one in which "substantial identity of parties and claims" exist. *IFC Interconsult, AG v. Safeguard Int'l Partners, LLC,* 438 F.3d 298 (3d Cir.2006)

Similarly, in the case of *Barr v. Champion International Corp., Bldg. Products Div. & Timberland Div.* 617 F. Supp. 45 (1985 DC Mont), the District Court was faced with a situation wherein several members of the plaintiff class met the jurisdictional requirement and several did not. In remanding the matter back to state court, the District Court held that while the appropriate

action would seem to be to simply retain jurisdiction over the cases which met the jurisdictional requirement, *"this would create the intolerable condition of multiplicity, where the same litigation would go forward with different parties simultaneously in state court and in this court. That result is untenable." Id.* At 47. New Jersey law is clear that pursuant to Rule 4:38-1, when actions involving common questions of law or fact arising out of the same transaction or series of transactions are pending in Superior Court consolidation of the cases is appropriate. *Robert T. Winzinger, Inc. v. Brennan Bros.*, Inc., 191 N.J. Super 114 (Law. Div. 1983.) In the case of *Batson v. Lederle Lab.*, 290 N.J. Super 49 (App. Div. 1996), the Appellate Division ruled that in pharmaceutical cases involving issues of punitive damages consolidation is necessary as "there must of necessity be some repetition of the proofs concerning defendants knowledge of the harmful propensities of it's product and it's consequent actions." This is precisely the situation in this case. This case involves the exact same parties, the exact same incidents, the exact same evidence and the exact same witnesses as the case of <u>Matalon v. Insys Therapeutics, Inc., et al.</u> Both cases seek punitive damages against a pharmaceutical company. Both cases involve the exact same criminal conduct of Insys and Linden Care. There is no question that under New Jersey law the <u>Estate of Sarah Fuller, Deceased v. Insys Therapeutics, Inc.</u>, case and the <u>Matalon v. Insys Therapeutics, Inc.</u>, case must be consolidated and Insys' Notice of Removal, which failed to advise the court of this indispensable, identical cause of action, is just one more unethical, obstructionist tactic deployed by Insys to intentionally waste the time of both the Plaintiffs and the court. In addition, the Middlesex County case of <u>Christopher S. Porrino, Attorney General of New Jersey, on behalf of the State of New Jersey, and Sharon M. Joyce, Acting Director of the New Jersey Division of Consumer Affairs v Insys Therapeutics, Inc.</u>, is also directly related to the death of Sarah Fuller and

-10-

also seeks punitive damages. Of course, this court can not exercise jurisdiction in the companion case of <u>Christopher S. Porrino, Attorney General of New Jersey, on behalf of the State of New Jersey, and Sharon M. Joyce, Acting Director of the New Jersey Division of Consumer Affairs v Insys Therapeutics, Inc</u>, as a state cannot be a citizen for diversity purposes. *New York by Abrams v. General Motors Corp.* (1982 SD NY) 547 F.Supp.703. Insys now seeks to muddy the waters of litigation and force confusion, inconsistent rulings, redundancy and undue expense and delay by attempting to force the Fullers to litigate their matter in Federal Court while the exact same case is being litigated by Dr. Matalon and the State of New Jersey in Middlesex County Superior Court. This result would be contrary to New Jersey law.

In the case of *Exxon Mobil Corp v. Allapattah Servs.*, 545 U.S. 546 (2005), the Supreme Court held that although a District Court may exercise supplemental jurisdiction over a companion matter that does not necessarily meet the amount in controversy requirement, the court is precluded from exercising supplemental jurisdiction over a related case pursuant to 28 U.S.C. § 1367 where the diversity requirement is not met. Clearly this court cannot exercise jurisdiction in the parallel companion matter of <u>Matalon v. Insys Therapeutics, Inc., et al.</u>, as diversity is not present, nor can it assert jurisdiction in the case of <u>Christopher S. Porrino, Attorney General of the State of New Jersey, on behalf of the State of New Jersey, v. Insys Therapeutics, Inc.</u>, as a state cannot be considered a citizen for diversity purposes.

According to 28 U.S.C.S. §1447(c), Plaintiff seeks to move for Remand of the Notice of Removal. "Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court." *McGuire v. Safeware, Inc.*, 2013 U.S. Dist. LEXIS 133274 (E.D. Pa.2013) (citations omitted). **(The decision of U.S. District Court for the Eastern District of Pennsylvania**

in *McGuire v. Safeware* is attached hereto as Exhibit I). The burden then shifts to the defendant to prove that removal is proper. *Abels v. State Farm Fire and Cas. Co.*, 770 F.2d 26, (3d Cir. 1985)

Pursuant to *Martin v. Franklin Capital Court*, 546 U.S. 132, 141 (2005) and 28 U.S.C.S. §1447(d), the Court may award attorneys' fees as part of remand order when the removing party lacked an objectively reasonable basis for seeking removal. Insys and its Counsel was fully aware at the time the Notice of Removal was filed that this case involves the exact same parties, the exact same incidents, the exact same evidence and the exact same witnesses as the parallel companion matter of Matalon v. Insys Therapeutics, Inc., et al. Counsel consented to transfer the Matalon case to Middlesex for consolidation and agreed to accept service on behalf of Insys, all prior to Insys' Notice of Removal. Counsel for Insys was fully aware that all three cases pending in Middlesex County seek punitive damages against his client, all arising out of the same operative facts and circumstances. Despite being fully aware of the indispensable companion litigation pending in the Middlesex County Superior Court, counsel for Insys never advised this court of the parallel proceedings pending in Middlesex County Superior Court when the Notice of Removal was filed. Insys, along with its counsel, were less than candid with the court and there is a complete lack of any objective basis for removal being sought by Insys in this case.

### III.  CONCLUSION

For the reasons stated and authority cited, Plaintiff respectfully requests that this case be remanded to the Superior Court of New Jersey, Middlesex County pursuant to 28 U.S.C.S. §1447 (c). It is further requested that Plaintiffs be awarded attorneys fees and costs associated with this motion

pursuant to 28 U.S.C.S. §1447 (d) and supporting legal precedent.

CONSOLE & HOLLAWELL, P.C.

*/s/ Richard J. Hollawell*

RICHARD J. HOLLAWELL, ESQUIRE
rhollawell@consoleandhollawell.com

MARK C. DEWLAND, ESQUIRE
mdewland@consoleandhollawell.com

Console and Hollawell, P.C.
Attorneys for Plaintiffs
525 Route 73 North, Suite 117
Five Greentree Centre
Marlton, NJ 08053
856/778-5500 - Telephone
856/778-1918 - Facsimile