UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FULLER,

Plaintiffs,

vs.

INSYS THERAPEUTICS, INC., et al.,

Defendants.

Case No. 17-cv-07877

Newark, New Jersey
January 5, 2018

TRANSCRIPT OF TELECONFERENCE
BEFORE THE HONORABLE STEVEN C. MANNION
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:

RICHARD J. HOLLAWELL, ESQ.
Console & Hollawell
525 Route 73 North, Suite 117
Marlton, NJ 08053
(856) 778-5500
Kprettyman@consoleandhollawell.com

MARK DEWLAND, ESQ.
Console & Hollawell
525 Route 73 North, Suite 117
Marlton, NJ 08053
(856) 778-5500

Audio Operator:

Transcription Service:

KING TRANSCRIPTION SERVICES
3 South Corporate Drive, Suite 203
Riverdale, NJ 07457
(973) 237-6080.

Proceedings recorded by electronic sound recording (not all parties were discernible on the record); transcript produced by transcription service.

(APPEARANCES continued)

For the Defendants: ADAM P. SCHWARTZ, ESQ.
Carlton Fields Jorden Burt PA
4221 W. Boy Scout Blvd.
Suite 1000
Tampa, FL 33607
(813) 229-4336
aschwartz@carltonfields.com

PHILIP W. CRAWFORD, ESQ.
Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
(973) 596-4803
pcrawford@gibbonslaw.com

(Commencement of proceedings at 12:17 P.M.)

THE COURT OFFICER: We are on the record in the matter of Debra Fuller versus Insys Therapeutics, et al., Docket Number 17-cv-07877.

THE COURT: All righty. Appearances, beginning with plaintiff's counsel.

MR. HOLLAWELL: Richard Hollawell from Console & Hollawell on behalf of the estate of Sarah Fuller.

THE COURT: All right. Welcome.

MR. DEWLAND: Mark C. Dewland from Console & Hollawell on behalf of the estate of Sarah Fuller.

THE COURT: Welcome.

For Insys?

MR. SCHWARTZ: Adam Schwartz with Carlton Fields on behalf of Insys.

MR. CRAWFORD: And Philip Crawford, Judge, from Gibbons also on behalf of Insys.

THE COURT: Okay. All right. So we had a discussion off the record. We had our Rule 16 scheduling conference off the record. We also had counsel appearing for Linden Care and represented to the Court that plaintiff and Linden Care have settled, entered a confidential settlement, which should be consummated within three weeks; and that there's no objection to the dismissal of Linden Care from any

of the other defendants; that there would be, I believe, an apportionment as to Linden Care if the case proceeded to trial as to the other defendants.

Is that your understanding on behalf of plaintiff?

MR. HOLLAWELL: Yes, Your Honor.

THE COURT: Is that your understanding on behalf of Insys?

MR. SCHWARTZ: Yes, Your Honor.

THE COURT: Okay. All right. So we'll get a stipulation of partial dismissal without prejudice to file for Linden Care shortly. And then once the paperwork is consummated, a stip of partial dismissal as to Linden Care with prejudice.

So up next, we have plaintiff's motion to remand back to state court. Who would like to be heard for plaintiff on this?

MR. HOLLAWELL: Richard Hollawell, Your Honor.

THE COURT: All righty, sir. It's your motion. Please proceed.

MR. HOLLAWELL: Your Honor, as plaintiffs pointed out in the moving papers for remand, there is -- there are parallel proceedings that are taking place that -- well, common facts, substantial -- the parties, and claims that exist. In fact -- Matalon, who was once a defendant in this case, has settled, who now has an action against Insys

Therapeutics for the very actions that Insys committed, mainly in regards to Sarah Fuller, for fraud it committed to mislead her into the proper use for Subsys. They switched-and-bait documents, they changed documents. Then last week, they called Ms. Fuller's insurance company -- or Medicare, and -- the -- for Medicare, unbeknownst to Dr. Matalon --

THE COURT: This is not in your papers, is it?

MR. HOLLAWELL: --

THE COURT: Okay.

MR. HOLLAWELL: The -- as far as the written criteria as to call -- some number the call came from and the certification of the -- from EnvisionRx. I'll tell you what exhibit that is -- Exhibit --

THE COURT: Okay.

MR. HOLLAWELL: Plaintiff's -- and Insys's reply.

So the drug company called saying, this is Dr. Matalon's office calling, and we're calling because we need to get your approval and your authorization for this drug fentanyl that is only approved for end-of-life cancer patients. And in the call, the representative from Insys also lied, made fraudulent statements about Ms. Fuller's medical condition and misrepresented that she needed this drug for breakthrough cancer pain.

That led to the allowance of this drug to get to

Sarah Fuller. From there, she went on to have 14 prescriptions, one a month. There was a carton of fentanyl that would come to her doorstep, shipped by Linden Care. And the 14 prescriptions, she -- within the carton, there was, like, 12 individual boxes. And she would then -- one box, a couple of the vials that you spray onto your tongue, and she nearly --

And the remainder of the box is -- it's been retained, and, you know, that's what happened. So there was no -- there was no taking of the entire carton that led to her death.

So Dr. Matalon has now sued Insys regarding what transpired. Very similar to the allegations that were all made as to Insys by the estate of Fuller as to their common scheme, the people involved, the drug rep, I believe Ebu-Isaac, that's -- actually Dr. Matalon named her as a direct defendant. That was the drug rep. And she's a New Jersey resident. And I have the affidavit of Dr. Matalon's counsel, I believe Jack Meyerson, and that's under Exhibit L, where he affirms that these were common issues, common witnesses, and that the cases need to be consolidated. It just wasn't able to get consolidated because Mr. Crawford filed the removal action before attempting to consolidate these two actions.

And, of course, Insys did not disclose to the

Court -- that they knew about well before the notice of removal.

And -- the State of New Jersey has sued Insys Therapeutics for its fraud, identifying a lot of the same people involved. They're going to be the same witnesses that are going to be involved in the Fuller case. As I advised the Court in our conference, we are going to be naming John Kapoor. State of New Jersey has named John Kapoor individually, in addition to the corporate entity; Alex Burlakoff; and Michael Babich. And obviously, they're all going to be -- needed to be deposed in this case; again, all involved around Insys's business practices with getting -- providing this information to the medical community, ordering documents after they took documents back from physicians' offices, making calls, claiming they were calling from doctors' offices to get approval from the insurance companies -- none of this work if they didn't get approval. And that's all they've got in the State's complaint, as well, that their actions and the kickbacks and the State's complaint is -- in large part references what happened with Sarah Fuller.

There are parallel proceedings, Your Honor, that are taking place all over Middlesex County. And, again, I just -- you know, I think it's important to note to the Court that Insys knew about this because the State has been

investigating Insys for the last year. And Mr. Crawford's firm's been involved with that investigation. They're counsel, for instance, in the state case. They never advised the Court that the State was filing suit because the State suit was filed the day after the notice of removal on October 5th.

So there's a lot that Mr. Crawford's office and Insys's counsel did not tell the Court when they filed the removal matter. And this is going to be a mess, these cases are, in different courts and different jurisdictions. The Matalon case clearly involves the drug rep. I need to depose the drug rep as well, that -- with Sarah Fuller -- that -- if this drug was appropriate for her, as instructed by her superiors. The representative that made the fraudulent phone call, obviously, Dr. Matalon wants that witness, and -- who stated that they were a staff member from her office, and, of course, that's a key witness in my case. We know who she is, for the most part, Gina Flores [phonetic]. Unless, Insys is able to provide me with someone else's name, but that's what the evidence points to. And all the executives are going to be deposed in all these cases -- indictment.

So all this stuff about the same facts, the same evidence, the same witnesses, and -- briefed, the Court cannot exercise supplemental jurisdiction over either of those cases, the State's case, and the Matalon case,

that's -- where she named Ebu-Isaac, the drug rep, that's New Jersey citizens.

And Insys's argument is consolidation did not happen yet, which is true. But that's because Insys was sitting on the case, they knew about the case, and Insys very well knew that these cases were identical. And Insys is moving -- or Insys's response to plaintiff's motion is that the cases are different. And that is just a falsehood and is a misrepresentation, right to the horse's mouth, and that's Matalon's attorney, and, you know --

THE COURT: Okay.

MR. HOLLAWELL: -- Matalon, there's no -- there because Matalon as to, you know, plaintiff's counsel -- but affirming that these cases are identical --

THE COURT: Understood. Okay. Anything else?

MR. HOLLAWELL: I think I've cited the cases, and, you know, the one case, obviously -- told the defendant -- case, once a remand motion is filed, why remand is not proper. So that burden therefore shifts, and in regards to at least the criteria, the -- case, is very clear as to what the court needs to look at as to witnesses, efficiency, the commonality of facts, and the -- case makes it clear that the Court's -- the -- of her name back in state court.

THE COURT: Okay. Thank you.

All right. Counsel for Insys?

MR. SCHWARTZ: Yeah, thank you, Adam Schwartz on behalf of Insys.

Your Honor, this case was properly removed to federal court, and the federal court has original jurisdiction under 28 U.S.C. 1332, and it became removable once the plaintiff dismissed the only nondiverse defendant Dr. Matalon.

THE COURT: Okay.

MR. SCHWARTZ: And that was back in September of last year. And it was removed within the time frame for removal.

THE COURT: I don't think there's a dispute there.

(Simultaneous conversation)

MR. SCHWARTZ: -- original jurisdiction.

(Simultaneous conversation)

THE COURT: Let --

(Simultaneous conversation)

MR. SCHWARTZ: -- the plaintiffs were citizens of New Jersey --

(Simultaneous conversation)

THE COURT: Let me just ask a question --

(Simultaneous conversation)

MR. SCHWARTZ: -- Delaware corporation.

(Simultaneous conversation)

THE COURT: Counsel. I don't think there's any

dispute on those issues. I don't think there's any dispute that the Court currently has diversity jurisdiction.

But at our Rule 16 conference, plaintiff talked about naming certain executives. I'm just curious, any of those executives citizens of New Jersey?

MR. SCHWARTZ: They are not, Your Honor.

THE COURT: Okay. So even if those executives are added to the case, you're saying that the Court would still have diversity jurisdiction?

MR. SCHWARTZ: I believe it's still -- yes, Your Honor. Still -- the Court would still have diversity jurisdiction.

THE COURT: Okay.

MR. SCHWARTZ: And the amount in controversy certainly exceeds the amount.

THE COURT: Understood.

All right. So please continue.

MR. SCHWARTZ: Thank you, Your Honor.

So this matter, the Fuller matter, was properly removed pursuant to U.S.C. 1441 and 1446. And the plaintiff's only argument is that -- is that the Fuller -- and you heard a little bit from plaintiff's counsel about -- of the Matalon case, which is currently pending in New Jersey state court, should be consolidated and adjudicated in New Jersey state court.

But there's no basis in fact or law for that position. And the Fuller case and the Matalon case are different, which I'll get to in a second, Your Honor.

But in order to try to kind of support the remand based on consolidation, the plaintiffs make the following misrepresentations to the Court. The first one -- and this is in the plaintiff's motion for remand -- is that the Camden -- is that when the -- when the Matalon case was transferred from Camden County to Middlesex County on September 5th -- by -- on September 15th, 2017, the plaintiff said that that was done to consolidate Fuller and Matalon.

However, that order, which is Exhibit B to the plaintiff's motion to remand, only transferred venue. And Exhibit D, which is Matalon's lawyer's, Mr. Meyerson's request to transfer venue only requested transfer of venue, not to consolidate. And, in fact, no party has requested consolidation.

A separate and second misrepresentation -- this is on page 6 of the plaintiff's papers, of their motion to remand -- is that Insys, through counsel, consented to consolidation.

That's not true either, Your Honor. There's a -- there's a October 13th, 2017, email from Mr. Crawford to counsel for Dr. Matalon, which is Exhibit F. And if you read that email, Your Honor, it only talks about accepting service

of the Matalon complaint. There is no mention of consolidation at all.

And we've attached Mr. Crawford's affidavit to our moving papers, to our -- to our response, Your Honor, to the motion to remand, which clearly denies any attempt to consolidate.

And, Your Honor, in fact, these cases are different, and they should not be consolidated. The type of action is different. Ms. Fuller's action -- the estate of Fuller is a wrongful death claim. Dr. Matalon's state claim is an economic claim for voluntarily surrendering her medical license.

The parties are different. The plaintiffs in the estate of Fuller case is the estate and Ms. Fuller's parents. The plaintiff in the Matalon case is Dr. Matalon. And the defendants in both cases are different. The only common defendant in both cases is Insys. That's it. Insys is the sole defendant now in the Fuller case. There are two other defendants in the -- in the Matalon case. There's an individual, and Linden Care still remains a defendant in the Matalon case.

The theories of liability, Your Honor, are different. The theories in the Fuller case are that Dr. Matalon knew the risks of Subsys and not -- and that Subsys was not appropriate from Ms. Fuller. There are,

obviously, other theories, Your Honor, but the ones that go to the heart of the matter here, include that in the Matalon case, where Dr. Matalon sued Insys in New Jersey state court, she says that Insys tricked her into prescribing Subsys to her patients.

Your Honor, the damages are different. The Fuller case seeks damages for wrongful death and survivorship. And the Matalon case seeks damages for economic recovery and voluntarily surrendering her medical license.

And I think maybe most importantly, Your Honor, the scope of discovery's going to be significantly different. In the Fuller case before Your Honor, the discovery's going to surround the Subsys prescriptions to Ms. Fuller. We don't agree that all of the -- that all of the officers and executives should be deposed in this case.

In the Matalon case, Dr. Matalon surrendered her -- voluntarily surrendered her medical license, after the New Jersey attorney general filed a verified complaint. That verified complaint talked about more patients than Ms. Fuller. It talked about other patients who received Subsys under Dr. Matalon's care. And so the discovery there is going to be different than the discovery in the Fuller case, Your Honor.

And there was some discussion, Your Honor, about parallel proceedings and in the plaintiff's moving papers

about an indispensable -- that Matalon's indispensable to the Fuller matter.

But that's not true, Your Honor.

(Simultaneous conversation)

THE COURT: She was dismissed from this case --

(Simultaneous conversation)

MR. SCHWARTZ: The last thing -- she was dismissed from this case, Your Honor.

THE COURT: All right. Understood.

MR. SCHWARTZ: And the -- yeah, and the last case that plaintiff's counsel cited to you was the Owens v. Hartford [phonetic] case, which he cited in its motion to remand, Your Honor. That is a declaratory judgment in that case that discusses parallel proceedings. That has separate requirements. It is a separate act. And he doesn't say that in the moving papers, but when you get into the case, it has separate considerations that are unique to the declaratory judgment action.

In his reply to our response, he switches to a definition of parallel proceedings, according to Colorado River Conservation District v. U.S. But that's not -- but that's not an abstention case, Your Honor. And even that case doesn't support plaintiff's remand request, because in an abstention case, the federal court can only remand cases where the relief sought is equitable or discretionary.

Here, in the Fuller case, Your Honor, the plaintiff is seeking common law damages. So the Colorado River case is inapplicable. But even if it was applicable, Fuller would not meet the two-part test for a parallel proceeding, because it's not the same parties, Your Honor. Talked about that a little bit earlier, the difference in parties. And they are not substantially identical claims -- in nearly identical allegations and issues. The type of cases are different. It's a wrongful death and survivorship case versus a claim for economic damages for voluntarily surrendering a medical license. Very different claims, Your Honor.

But even if that --

MR. HOLLAWELL: --

MR. SCHWARTZ: I'm sorry, Your Honor. Go ahead.

MR. HOLLAWELL: I'm sorry. I didn't know you weren't finished.

MR. SCHWARTZ: I'm almost -- almost done, Your Honor.

But even if you were to find that they are parallel proceedings under Colorado River, the plaintiff still doesn't get a remand, because it's only a remand if there is -- if the relief sought is equitable or discretionary, not common law damages, like the ones that are being claimed here. And that's the Quackenbush case that we've cited on page 16 of our moving papers, Your Honor, 517 U.S. 706.

And just a -- just a couple of other very quick miscellaneous points, Your Honor. The plaintiff references this indispense- -- that Matalon is -- indispensable companion matter that must be consolidated. But if you look at the New Jersey law at NJ 4:38.1, it talks about a court may order consolidation. And that's only if there are common questions of law or fact arising out of the same transaction or series of transactions.

Even in the New Jersey law, it is not mandatory or indispensable. As a matter of fact, I've looked for that word "indispensable" in any of the statutes, and I haven't found it regarding a consolidation, Your Honor.

The plaintiff briefly mentioned the Court being able to -- being unable to exercise supplemental jurisdiction over Matalon or talked about a -- the case that's the State of New Jersey brought.

And we agree with that, Your Honor, and we're not asking for that, and that shouldn't be done, because that's a concept -- supplemental jurisdiction, obviously, only -- to applies to claims in a single case, Your Honor. And we've outlined that in some great detail on page 13 of 16 in our response, Your Honor -- any detail if you want me to --

THE COURT: No.

MR. SCHWARTZ: And so for those reasons, we would request that the motion to -- be denied, Your Honor.

THE COURT: Okay. Thank you.

All right. Last word for plaintiff.

MR. HOLLAWELL: Yes, Your Honor. The Matalon cause of action against Insys are fraud. Every -- every count mirrors the counts in plaintiff's complaint in the Fuller case.

THE COURT: I would certainly agree that the proceedings are related. I'm not so sure they're parallel, with different parties and different theories.

But please continue.

MR. HOLLAWELL: They're fraud cases, and Matalon -- based on the fraud that they committed with the drug rep duping her that this drug was appropriate for chronic pain and not only breakthrough cancer pain. They -- documents. They made a phone call saying that it's the doctor's office calling, and that's why these drugs --

It's so related. Dr. Matalon is part of our settlement, must cooperate. She's going to be deposed in the Fuller case, of course. She's a key witness. She's going to be deposed, of course, in her lawsuit against Insys. It's her rep's a key witness in the Fuller case. She's going to be deposed in the Matalon case.

The phone call -- you know, the representative from Insys who made the phone call is going to be deposed in those cases, as well as the executives that orchestrated this

scheme. They're going to be deposed in both cases. I don't know how much more identical these cases can get. It's all surround Insys's fraud. And the same with the State of New Jersey's case. They're identifying -- and at least -- identified in our joint discovery plan, the drug rep's drug manager, Michelle Bradenbach [phonetic]. She's going to be deposed in the Fuller case. And the same people are going to be deposed in the State's case, Ebu-Isaac; Bradenbach, her manager; Kapoor, who's a named defendant. Kapoor's going to be a named defendant in this case.

It's -- Insys is only seeking this case to be in this court so it can manipulate any coordination and throw up roadblocks like it likes to do. And it's well-known across the country, that's their litigation tactics.

And I asked them, why don't we consolidate these cases, because it makes sense. They're going to be dragging these people in -- they're all from out in Arizona -- executives. And there's only one reason they don't want to do it, and that's to wreak havoc and confusion -- some of the arguments, efficiency and fairness and, you know, duplication of costs, et cetera.

So the other thing too is that every case has a claim for punitive damages -- fraud. Matalon's complaint, the State's complaint, and Fuller's complaint. And I cited to a case regarding -- issue, you know, with the punitive

damages, and, you know, that's the -- case that clearly the Court looked at the two separate cases, they both had claims for punitive damages, and refused, you know, to exercise jurisdiction in those cases that were consolidated -- damage claims against --

So it's plaintiff's position, Your Honor, that Insys was not forthright. They did not mention any of these cases to the Court and purposefully, because their goal is to keep the courts in the dark and do what is -- interest, not the Court's interest, not any plaintiff's interest, for efficiency and for expediency and duplication of costs, et cetera.

And I think that's telling, Your Honor, because, like I said -- firm, it's been involved in the State of New Jersey for well over a year with interviewing people, with providing documents to the State well before the lawsuit was filed. Never, ever was it mentioned. They knew that lawsuit was coming and did not mention the Matalon lawsuit when Philip Crawford -- direct contact much before the removal and, you know, after the Matalon matter was settled and did not mention that to the Court. And I think that's very telling, Your Honor.

THE COURT: Okay.

MR. CRAWFORD: Judge, I have to -- forgive me, for just interrupting. I just can't let my silence be

interpreted is consensual to anything that was just said.

The state cases are Medicare reimbursement cases involving a variety of patients. There's no unity between that case and this case regarding Ms. Fuller.

I'll defer to Mr. Schultz -- Schwartz on the rest of it, Judge. But my firm's involvement in investigating that matter, which was not yet filed when this was removed, is totally unrelated. In fact, there's different lawyers handling it because there's different disciplines. It's not even in the same department of my firm because it's a totally different case. I'll let it go at that.

MR. DEWLAND: Judge, if I could just speak up. Mark Dewland from Console & Hollawell.

The attorneys general case specifically references Sarah Fuller and the fraud that took place in this case and the complaint. It's part and parcel of the attorney general's case against Insys and John Kapoor. It's -- it's the crux of the State's case. It's the crux of Matalon's case.

THE COURT: Okay.

MR. DEWLAND: The State's case, Your Honor, it's known, it's a -- violation. It's fraud. And it's the same activity that -- Fuller.

THE COURT: Okay.

MR. DEWLAND: -- witnesses, the same set of facts,

the same -- you know, same activities were committed across the board.

THE COURT: Thank you, counsel. I will get you a decision before our next conference.

Anything else for plaintiff today?

MR. DEWLAND: No, Your Honor, thank you very much.

THE COURT: Very well.

Anything else for defense?

MR. SCHWARTZ: No, thank you, Your Honor.

THE COURT: All right. We're adjourned. Be safe.

(Conclusion of proceedings at 12:45 P.M.)

Certification

I, SARA L. KERN, Transcriptionist, do hereby certify that the 23 pages contained herein constitute a full, true, and accurate transcript from the official electronic recording of the proceedings had in the above-entitled matter; that research was performed on the spelling of proper names and utilizing the information provided, but that in many cases the spellings were educated guesses; that the transcript was prepared by me or under my direction and was done to the best of my skill and ability.

I further certify that I am in no way related to any of the parties hereto nor am I in any way interested in the outcome hereof.

S/ Sara L. Kern — 12th of February, 2018

Signature of Approved Transcriber — Date

Sara L. Kern, CET**D-338
King Transcription Services
3 South Corporate Drive, Suite 203
Riverdale, NJ 07457
(973) 237-6080