# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| FULLER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INSYS THERAPEUTICS, INC, et al., <br><br> Defendants. | Civil Action No. 2:17-cv-07877-ES-SCM <br><br> **OPINION AND ORDER ON PLAINTIFF'S MOTION TO TRANSFER VENUE** <br><br> [D.E. 66] |

**STEVEN C. MANNION**, United States Magistrate Judge.

This matter comes before the Court upon Plaintiffs Deborah and David Fuller's ("the Fullers") Motion to Transfer Venue from the Newark Vicinage to the Camden Vicinage.[1] The Court has reviewed the parties' submissions and decided this matter without oral argument. For the reasons stated below, the Court **DENIES** the Fullers' motion to transfer venue pursuant to Section 1404.[2]

## I. BACKGROUND AND PROCEDURAL HISTORY[3]

The Court has set out the relevant facts of this case in its January 19, 2018, Report and Recommendations;[4] therefore, this Opinion will only discuss those facts necessary to adjudicate

---

[1] (ECF Docket Entry ("D.E.") 66, Pls.' Mot. to Transfer).

[2] 28 U.S.C. § 1404.

[3] The allegations set forth within the pleading and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] (D.E. 21, R. & R.).

the present motion. At issue here is the Fullers' motion to transfer venue to the Camden Vicinage of this District Court.[5]

The Fullers originally filed this action in the Middlesex Vicinage of the New Jersey Superior Court ("Middlesex Superior Court") and Defendant, Insys Therapeutics ("Insys") removed the case to the Newark Vicinage of this District Court.[6] The Fullers filed their motion to remand on October 11, 2017, arguing that this Court should decline jurisdiction because, among other things, an "indispensable" state case required adjudication of both cases at the state level.[7] On February 5, 2018, the Court denied the motion to remand.[8]

The very next day, the Fullers filed their motion to amend the complaint,[9] seeking to add a number of defendants,[10] including Michelle Breitenbach, a New Jersey citizen, whose presence would destroy diversity between the parties, since the Fullers are also citizens of New Jersey.[11] On June 5, 2018, the Court granted the motion to amend in part, permitting joinder of the proposed defendants with the exception of Ms. Breitenbach.[12]

---

[5] (D.E. 66, Pls.' Mot. to Transfer).

[6] (D.E. 1, Notice of Removal).

[7] (D.E. 3, Pls.' Mot. to Remand at 5).

[8] (D.E. 27, Order).

[9] (D.E. 28, Pls.' Mot. to Am.).

[10] (D.E. 28, Pls.' Mot. to Am., at 1).

[11] (D.E. 21, R. & R., at 4).

[12] (D.E. 63, Op.).

Shortly thereafter, on June 15, 2018, the Fullers filed a motion to transfer this case to the Camden Vicinage.[13] Insys filed an Opposition,[14] and the Fullers filed a Reply.[15]

The Fullers primarily argue that the Camden Vicinage is more convenient for the parties and would impose lower travel costs for themselves and their witnesses,[16] the vast majority of which reside in Camden County.[17] They contend that transferring this case will save parties and witnesses 165 miles of travel, $14.00 in tolls, and four hours of travel for every appearance in Newark.[18] The Fullers also emphasize that the claim arose in Camden County.[19] In response, Insys claims that this motion is an attempt to "forum shop" at this "late stage" in the litigation because the Court has issued "a string of unfavorable rulings" against the Fullers.[20]

---

[13] (D.E. 66, Pls.' Mot. to Transfer).

[14] (D.E. 75, Defs.' Opp'n).

[15] (D.E. 78, Pls.' Reply).

[16] *See generally* (D.E. 66, Pls.' Mot. to Transfer).

[17] (D.E. 66, Pls.' Mot. to Transfer, at 2-4).

[18] (D.E. 66, Pls.' Mot. to Transfer, at 3).

[19] *Id.*

[20] (D.E. 75, Defs.' Opp'n., at 7).

## II. MAGISTRATE JUDGE AUTHORITY

A magistrate judge may consider and decide non-dispositive pretrial matters.[21] A motion to transfer is a non-dispositive matter.[22] Magistrate judges have discretion when deciding to grant or deny a motion to transfer.[23] Consequently, if a party appeals the decision, the district court must affirm the magistrate judge's decision unless it is "clearly erroneous or contrary to law."[24]

## III. LEGAL STANDARD

Section 1404 governs one of the methods to transfer a civil case between vicinages[25] and judicial districts.[26] A district court may transfer any civil action to any other district for the convenience of parties and witnesses, in the interest of justice.[27]

The moving party bears the burden of proving[28] that the alternative venue is not only adequate, but also more convenient than the current one.[29] The burden to transfer a case is a heavy one; "unless the balance of convenience of the parties is strongly in favor of defendant, the

---

[21] *See* 28 U.S.C. § 636 (b)(1)(A).

[22] *See Siemens Fin. Servs., Inc. v. Open Advantage M.R.I. II L.P.*, No. 07-1229 2008 WL 564707, at *2 (D.N.J. Feb. 29, 2008).

[23] *Cadapult Graphic Sys. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000).

[24] *See Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004).

[25] *Ho v. Ruby S, LLC.*, No. 15-3390, 2016 WL 1162630, at *2 (D.N.J. Mar. 23, 2016).

[26] Transfer of a case between vicinages is pursuant to § 1404 or Local Rule 40.1. The Fullers argued for transfer under § 1404; therefore, the Court will limit its analysis to § 1404.

[27] 28 U.S.C. § 1404(a).

[28] *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *LG Elecs. v. First Int'l Comput.*, 138 F. Supp. 2d 574, 586 (D.N.J. 2001).

[29] *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 480 (D.N.J. 1993).

plaintiff's choice of forum should prevail."[30] Our District modifies this standard, however, when a *plaintiff* moves to transfer under Section 1404. If a plaintiff seeks to transfer, plaintiff's original choice "becomes a neutral factor."[31]

Moreover, Courts in this district *may* require plaintiffs to show changed circumstances since initiating the action, but it is not a prerequisite to transfer.[32] Rather, courts may consider the change in circumstances *or lack thereof*, as an additional factor, considered alongside the convenience and interests of justice factors.[33]

Additionally, when analyzing a motion to transfer "court[s] have not limited their consideration to the three factors in Section 1404."[34] The Third Circuit established the *Jumara*

---

[30] *Shutte*, 431 F.2d at 25; *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (noting that the plaintiff's "original" forum choice is a private interest factor).

[31] *Broadcom Corp. v. Qualcom, Inc.*, No. 05-3350, 2008 WL 3821404, at *6 (D.N.J. Aug. 12, 2008) (holding that plaintiffs' forum choice becomes a neutral factor when plaintiff moves for transfer); *Palazzo v. Ciurlino*, No. 05–5093, 2006 WL 2177542, at *1 (D.N.J. July 28, 2006); *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 521 (D.N.J. 1998); *see also Ward v. Natl. Entm't Collectibles Ass'n, Inc.*, No. 10-3403, 2011 WL 13128844, at *2 n. 5 (D.N.J. Aug. 2, 2011); *Ricoh Co., Ltd*, 817 F. Supp. at 480.

[32] *Broadcom Corp.*, No. 05-3350 2008 WL 3821404, at *6 (finding that a change in circumstances *can* be a factor when a plaintiff moves for transfer, but the court must also balance all the convenience and interest of justice factors) (citing *Liggett Group, Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 526 (D.N.J. 2008)); *see also e.g. Pontrelli v. MonaVie, Inc.*, No. 13-4649, 2017 WL 4876784, at *4-5 (D.N.J. Oct. 27, 2017) (looking at changed circumstances and analyzing pre-filing developments); *Rappaport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 501 (D.N.J. 1998) (noting that "[a] plaintiff seeking to transfer the venue of an action pursuant to § 1404 *typically* must demonstrate a change in circumstance that has occurred since the filing the action which warrants a change of venue").

[33] *Pontrelli*, No. 13-4649 2017 WL 4876784, at *4-5 (noting that courts *may* consider a change in circumstances but failing to identify when); *Broadcom Corp.*, No. 05-3350 2008 WL 3821404, at *6.

[34] *Jumara,* 55 F.3d at 879 (citations omitted).

factors, which balance private and public interests, as an additional framework to decide if transfer is more convenient for the parties and in the interests of justice.[35]

In examining the private interests, courts should consider the following factors: (1) the plaintiff's forum preference; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as their relative physical and financial conditions indicate; (5) the witnesses' convenience; and (6) the locations of books and records relevant to the dispute.[36] The last two factors are only relevant if the witnesses and/or records would be unavailable at trial in one of the two *fora*.[37]

In considering the public interests, courts should consider: (1) the judgment's enforceability; (2) practical concerns that could reduce the time and expense necessary to resolve the claims at issue; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.[38] The *Jumara* factors are not exclusive, however, and a court must consider all relevant factors.[39]

## IV. <u>DISCUSSION AND ANALYSIS</u>

The Fullers argue that this Court should transfer this matter to the Camden Vicinage because the claim arose in Camden County, they prefer Camden County, and virtually all of the

---

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.* at 879-80.

[39] *Id.* at 879.

parties, witnesses, and records are located in or near Camden County.[40] In response, Insys does not contest that the Camden Vicinage would be more convenient for the in-state parties and witnesses, but argues that the Newark Vicinage would be more convenient for the out-of-state parties and witnesses because there are "more available major airport[s]."[41] Additionally, Insys contends that the Fullers fail to establish changed circumstances, which it believes is a prerequisite to transfer under these circumstances.[42]

As a preliminary matter, the Court rejects Insys' argument that the Fullers must show change circumstances prior to seeking transfer under Section 1404. Insys relies on older case law which ostensibly suggests that a plaintiff must show changed circumstances in order to succeed on a Section 1404 motion to transfer venue.[43] In contrast, more recent case law in this District, particularly after the Third Circuit's decision in *Jumara*, have held that changed circumstances are not a prerequisite to transfer.[44] Rather, courts *may* consider a change in circumstance *or lack*

---

[40] (D.E. 66. Pls.' Br. in Support of Mot. to Change Venue, at 5).

[41] (D.E. 75, Defs.' Opp'n, at 10).

[42] (D.E. 75, Defs.' Opp'n, at 6).

[43] (D.E. 75, Defs.' Opp'n, at 8) (citing *Cold Metal Prods. Co. v. Crucible Steel Co.*, 126 F. Supp. 546, 551 (D.N.J. 1954)).

[44] *Broadcom Corp.*, 2008 WL 3821404, at *6 (finding that a change in circumstances *can* be factor when a plaintiff moves for transfer but the court must also balance all the convenience and interest of justice factors) (citing *Liggett Group, Inc.*, 102 F. Supp. 2d at 526 (D.N.J. 2008)); *see also e.g., Pontrelli*, 2017 WL 4876784, at *4-5 (the Court looks at changed circumstances and analyzes pre-filing developments); *Rappaport*, 16 F. Supp. 2d 481 at 501 (noting that "[a] plaintiff seeking to transfer the venue of an action pursuant to § 1404 *typically* must demonstrate a change in circumstance that has occurred since the filing the action which warrants a change of venue.")(emphasis added).

*thereof*, as an additional factor, alongside the traditional convenience and interests of justice factors when a plaintiff seeks to transfer venue.[45]

In their Reply, the Fullers argue that the removal of this case to federal court is, in and of itself, a change in circumstance that explains the need to transfer venue, but fail to cite any authority for this proposition.[46] The Court assumes, without deciding, that removal constitutes a change circumstance which supports transfer, in the sense that it was a litigation event "beyond [their] control." Nevertheless, because of the Middlesex Superior Court's close proximity[47] to the Newark Vicinage, the Court finds that this factor only weighs slightly in favor of transfer.

Turning then to the *Jumara* factors, four private interest factors are relevant here: (1) the plaintiff's forum preference; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; and (4) the convenience of the parties as their relative physical and financial conditions indicate.[48] Ordinarily factor one would support transfer in this matter, but because the Fullers are plaintiffs seeking transfer, their forum preference "becomes a neutral factor."[49] Factor three supports transfer because the claim arose in Camden County.[50] The Court also finds that factor four somewhat supports transfer, in light of the convenience to the Fullers and their relative

---

[45] *Pontrelli*, 2017 WL 4876784, at *4-5 (noting that courts *may* consider a change in circumstances but failing to identify when); *Broadcom Corp.*, 2008 WL 3821404, at *6.

[46] (D.E. 78, Pls.' Reply, at 4).

[47] (D.E. 75, Defs.' Opp'n, at 6-8).

[48] *Jumara*, 55 F.3d at 879.

[49] *Broadcom Corp.*, 2008 WL 3821404, at *6 (holding that plaintiffs' forum choice becomes a neutral factor when plaintiff moves for transfer); *Palazzo v. Ciurlino*, No. 05–5093, 2006 WL 2177542, at *1 (D.N.J. July 28, 2006); *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 521 (D.N.J. 1998); *see also Ward v. Natl. Entm't Collectibles Ass'n, Inc.*, No. 10-3403, 2011 WL 13128844, at *2 n. 5 (D.N.J. Aug. 2, 2011); *Ricoh Co., Ltd* 817 F. Supp. at 480.

[50] (D.E. 66, Pls.' Br. in Support of Mot. to Change Venue, at 8).

financial condition to Insys, but the Fullers fail to explain the conveniences or hardships of any of the new parties in this matter.[51]

To the extent that the Fullers argue that the last two factors, the witnesses' convenience and the location of records support transfer, the Court rejects that argument.[52] These factors are only relevant if the witnesses and/or records would be unavailable at trial in one of the two fora.[53] The Fullers fail to allege or explain how the witnesses and records would be unavailable in the Newark Vicinage.[54]

The only private interest factor in favor of Insys is the defendant's forum preference for the Newark Vicinage, ostensibly due to the availability of more airports for three out-of-state Defendants.[55]

Next, of the public interest factors, only two are relevant: the local interest in deciding controversies at home; and practical concerns that could reduce the time and expense necessary to resolve the claims at issue. The local controversy public interest factor weighs in favor of transfer.[56] The Fullers' allege that Insys fraudulently marketed its opioid drugs and caused the death of a Camden County resident, which increases the interest of Camden County residents in this matter, and weighs in favor of transfer.

---

[51] (D.E. 66, Pls.' Br. in Support of Mot. to Change Venue).

[52] *Jumara*, 55 F.3d at 879.

[53] *Id.*

[54] (D.E. 3, Pls.' Br. in Support of Mot. to Remand; D.E. 5, Pls.' Reply).

[55] (D.E. 75, Defs.' Opp'n, at 11).

[56] *Jumara*, 55F.3d at 879-80.

On the other hand, judicial economy weighs heavily in favor of keeping this case in the Newark Vicinage.[57] This Court has had this case for nearly ten months and issued numerous opinions and discovery-related orders on a wide variety of issues,[58] and is presently considering a number of pending motions.[59] Consequently, transferring the case would cause significant and substantial delays. Taken together, the public interest factors weigh strongly against transfer.

Additionally, because the Court must consider "all relevant factors,"[60] the Court cannot ignore that the Fullers chose to file their claim in Middlesex Superior Court rather than Camden Superior Court. Ordinarily, the private and local interest factors in this case would weigh strongly in favor of transferring to Camden Superior Court, however, the Fullers were willing to sacrifice many of these conveniences and interests when they filed Middlesex Superior Court.

The Fullers maintain that the New Jersey State Court Rules[61] *required* them to file in Middlesex, and that that was their sole reason for filing in Middlesex.[62] New Jersey Rule 4:38A allows the New Jersey Supreme Court to designate certain types of cases as "multicounty litigation."[63] State court plaintiffs may only file multicounty litigation cases in Bergen, Middlesex, and Atlantic Superior Court.[64] When determining whether a type of case merits the multicounty

---

[57] *Id.*

[58] *See, e.g.*, (D.E. 8, 9, 15, 17, 20, 21, 23, 26, 27, 33, 36, 37, 43, 47, 55, 59, 62, 63, 66, 74, 77, 85, 88, 91, 96, 102, 105, 106, 112, 115).

[59] (D.E. 66, 72, 98).

[60] *Jumara*, 55 F.3d at 879; *Pontrelli*, No. 13-4649 2017 WL 4876784, at *5 (where pre-filing facts are analyzed).

[61] N.J. Ct. R. 4:38A.

[62] (D.E. 78, Pls.' Reply, at 6).

[63] N.J. Ct. R. 4:38A.
[64] *See New Jersey Courts*, Multicounty Litigation, https://www.njcourts.gov/attorneys/mcl/index. html.

litigation designation, the New Jersey Supreme Courts considers, among other factors, whether the case(s) involve a large number parties and claims which are associated with products liability, mass disaster, or complex environmental or toxic tort.[65]

Although the Fullers allege that Insys orchestrated "an extremely complex nationwide fraudulent scheme,"[66] their claims are individual, rather than mass tort in nature.[67] In any event, it is not the province of this Court to make this determination, and the Fullers offer no evidence as to whether the New Jersey Supreme Court has designated Subsys cases as multicounty litigation.[68] In turn, the Fullers were willing to forgo the numerous conveniences and interests of Camden Superior Court in exchange for the "unique qualifications of the Middlesex County judiciary."[69] That conclusion, when combined with Middlesex Superior Court's relative proximity[70] to the Newark Vicinage, substantially undermines the remaining private and local interests in favor of transfer.

Insys suggests that the Fullers' actions up to and including this motion strongly imply that the Fullers are attempting forum shop. Although courts view forum shopping with disfavor,[71] this

---

[65] *Glenn A. Grant, J.A.D*, New Jersey Courts, Multicounty Litigation Guidelines (Formerly "Mass Tort Guidelines"), August 7, 2012, https://www.njcourts.gov/attorneys/assets/directives/dir_08_12.pdf?cacheID=7vzOXUr.

[66] (D.E. 78, Pls.' Reply at 4).

[67] (D.E. 1, Pls.' Compl.).

[68] *Id.*

[69] (D.E. 78, Pls.' Reply at 9).

[70] (D.E. 75, Defs.' Opp'n, at 8).

[71] *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254, (1981); *see also Roberts Bros., Inc. v. Kurtz Bros.*, 231 F. Supp. 163, 168 (D.N.J. 1964).

11

Court makes no finding on that issue. Nevertheless, the Fullers' original preference for Middlesex Superior Court is a considerable factor weighing against transfer now. Moreover, the Court finds that this conclusion reduces or eliminates the remaining factors in favor of transfer, such as the convenience to the Fullers and the interest in deciding a controversy where the claim arose. Accordingly, the Court concludes that the relevant public and private factors weigh against transfer.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Fullers' Motion to Transfer Venue to the Camden Vicinage. An appropriate Order follows.

**ORDER**

**IT IS** on this Thursday, September 06, 2018

**ORDERED** that Plaintiff's motion to transfer venue (D.E. 66) is **DENIED**.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/6/2018 9:42:25 AM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
　　　File

12