# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**STEVEN C. MANNION**
United States Magistrate Judge

Martin Luther King Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102
(973) 645-3827

September 20, 2018

## LETTER ORDER/OPINION

Re:   **D.E. 56 Joint Dispute Letter**
      **Fuller v. Insys Therapeutics, Inc.**
      **Civil Action No. 17cv7877 (ES)(SCM)**

Dear Counsel:

Before this Court is the parties' joint dispute letter concerning Plaintiffs Deborah and David Fuller's (collectively "the Fullers") requests for admissions on Defendant Insys Therapeutics, Inc. ("Insys").[1] The Court has reviewed the parties' joint dispute letter and attachments and decides the dispute without oral argument.[2] For the reasons set forth herein, the Fullers' informal motion is hereby **GRANTED** in part.

The relevant facts of this case have been set out in this Court's January 19, 2018, Report and Recommendation and therefore need not be restated here.

---

[1] (ECF Docket Entry No. ("D.E.") 56). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] L. CIV. R. 78.1.

## I. MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[3] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions, which include discovery motions.[4] A magistrate judge's decisions must be upheld unless "clearly erroneous or contrary to law."[5]

## II. STANDARD FOR ADMISSIONS

Requests for admissions are not a discovery device.[6] The only use for requests for admission is to eliminate issues over facts that are not in dispute, not to obtain discovery of the existence of facts.[7] Parties may only request admissions to "narrow the issues for trial to those which are genuinely contested."[8] Thus, requests for admission differ from interrogatories and are not interchangeable.

## III. DISCUSSION & ANALYSIS

The Fullers' requests for admission ("RFAs") generally seek: (1) information regarding Insys' sales and marketing strategies for Subsys; (2) information regarding kickbacks Insys

---

[3] 28 U.S.C. § 636(b)(1)(A).

[4] L. CIV. R. 72.1(a)(1); 37.1.

[5] 28 U.S.C. § 636(b)(1)(A).

[6] *See Hayes v. Bergus*, No. 13-4266, 2015 WL 5666128 at *6 (D.N.J. Sept. 24, 2015) (citing *Harris v. Koenig*, 271 F.R.D. 356, 372 (D.D.C. 2010)).

[7] *In re Certain Consol. Zoledronic Acid Cases*, 12-3967, 2015 WL 12844402 at *1 (D.N.J. Mar. 16, 2015) (citing *Amergen Energy Co., LLC ex rel. Exelon Generation Co., LLC v. United States*, 94 Fed.Cl. 413, 416 (Fed.Cl. 2010)).

[8] *United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 967 (3d Cir. 1988).

allegedly paid doctors for prescribing Subsys; and (3) information regarding several Insys employees and their alleged roles in causing Sarah Fuller's death. Insys answered several of the RFAs in part and objected in part, largely on the grounds that they are ambiguous, vague, overbroad, and not relevant to the claims and defenses in this matter.

Insys argues that it has provided permissible responses by specifically "object[ing] to part of a request, admit[ting] a portion of the request as appropriate, and then deny[ing] the remainder as necessary."[9] The Fullers argue that Insys answered in bad faith, and that Insys' responses, "are part of a nationwide strategy of obstructing any and all genuine, good faith discovery efforts."[10]

### a. Group One: Interrogatories Clothed as Requests for Admissions

Requests for admissions are not interchangeable with interrogatories and cannot be used to obtain discovery of the existence of facts.[11] Requests 3, 4, 5, 6, 7, 8, 9, 10, 15, 17, 18, 20, 21, 22, 24, 25, 26, 27, 28, 29, 32, 36, 37, 38, 42, 43, 44, 45, 46, 49, and 50 are interrogatories clothed as requests for admissions. The Court finds that each of these requests seek admissions of disputed

---

[9] (D.E. 56, Joint Dispute Ltr., at 6).

[10] *Id.* at 5.

[11] *Hayes*, 2015 WL 5666128 at *6-7.

facts that directly implicate elements of several of the Fullers' central claims, including common law fraud,[12] negligent misrepresentation,[13] and punitive damages.[14]

Because these RFAs seek discovery and do not seek to eliminate issues over *undisputed* facts,[15] the Court denies the Fullers' informal motion to compel with prejudice as to RFAs 3, 4, 5, 6, 7, 8, 9, 10, 15, 17, 18, 20, 21, 22, 24, 25, 26, 27, 28, 29, 32, 36, 37, 38, 42, 43, 44, 45, 46, 49, and 50.

### b. Group Two: Requests for Admission that the Parties Fail to Explain Their Relevance or Sufficiency

The motion to compel as to RFAs 12, 13, 14, 19, 34, 41, 53, 54, 55, 56, 58, and 60 is denied without prejudice. The Court finds that the parties have not satisfied their obligation to present these disputed requests in a manner consistent with the Court's pretrial scheduling order. The

---

[12] *Banco Popular North America v. Gandi*, 184 N.J. 161, 172-73 (2005) (quoting *Gennari v. Weichert Co. Realtors*, 148 N.J. 582 (1997)) ("To establish common-law fraud, a plaintiff must prove: '(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.'").

[13] *Deepstar Marine, Inc. v. Xylem Dewatering Solutions, Inc.*, No. 12-7628, 2014 WL 3778620, at *5 (D.N.J. July 30, 2014) ("The elements that must be established to prevail on a negligent misrepresentation claim are a negligently made incorrect statement by one party upon which another party justifiably and detrimentally relied.").

[14] N.J.S.A. 2A:15-5.12 (2013) ("Punitive damages may be awarded to the plaintiff only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were ... accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions. In determining whether punitive damages are to be awarded, the trier of fact must consider all the relevant evidence, including the following: (1) the likelihood at the relevant time that serious harm would arise from the defendant's action; (2) the defendant's awareness of reckless disregard of the likelihood that serious harm would arise from his conduct; (3) the conduct of the defendant upon learning that its initial conduct would likely cause harm; and (4) the duration of the conduct or any concealment of it by the defendant.").

[15] *Hayes*, 2015 WL 5666128 at *6.

parties have 21 days to meet, confer, and if the dispute remains, the Fullers shall describe how *each* RFA seeks relevant information and why Insys' response is deficient, citing relevant authorities. If Insys continues to object, they shall specify why they believe their responses are sufficient.

While these requests are not necessarily seeking facts in dispute, without additional explanation, it appears as though they seek information not relevant to this case.[16] Further, Insys seems to answer some of these RFAs in their entirety, and it is unclear what the Fullers find deficient with each response. If the Fullers feel that a specific objection is inappropriate, they must explain to the Court how the response is deficient. It is not the duty of the Court to advocate on behalf of a party. Accordingly, the Court denies without prejudice the Fullers' informal motion to compel as to RFAs 12, 13, 14, 19, 34, 41, 53, 54, 55, 56, 58, and 60.

### c. Group Three: Requests for Admission Where Plaintiffs Fail to Explain the Deficiency

The informal motion to compel as to RFAs 1, 2, 11, 16, 23, 31, 33, 47, 48, 51, 52, 57, and 59 is denied without prejudice. The Court finds that Insys has answered portions of each of these RFAs in good faith and specifically objected to the portions it found inappropriate. As this Court has noted, "a response is proper if it 'fairly respond[s] to the substance of the matter.' A partial denial is proper if 'good faith requires the party qualify an answer or deny only part of the matter,' and if it specifies the portions of the RFA that it agrees with and the portions that it denies."[17] If

---

[16] Fed. R. Civ. P. 36(a)(1).

[17] *LG Electronics U.S.A. v. Whirlpool Corp.*, No. 09-5142, 2011 WL 2600750 at *3 (D.N.J. June 29, 2011) (quoting Fed. R. Civ. P. 36(a)(4)).

the Fullers take issue with the sufficiency of any of these responses, they should address them individually in accordance with the pretrial scheduling order.[18]

Accordingly, the Court denies without prejudice the Fullers' informal motion to compel as to RFAs 1, 2, 11, 16, 23, 31, 33, 47, 48, 51, 52, 57, and 59.

### d. Group Four: Requests for Admission That Require a More Specific Response

The informal motion to compel as to RFAs 39 and 40 is granted. Insys shall provide more specific responses to these RFAs. Insys' responses admit the substance of the questions, but end with a denial, apparently due to minor phrasing issues. If Insys wishes to object to the phrasing or scope of these RFAs, they shall specifically explain why.

An appropriate Order follows:

## ORDER

IT IS on this Thursday, September 20, 2018,

1. **ORDERED** that the Fullers' motion to compel as to requests for admissions 3, 4, 5, 6, 7, 8, 9, 10, 15, 17, 18, 20, 21, 22, 24, 25, 26, 27, 28, 29, 32, 36, 37, 38, 42, 43, 44, 45, 46, 49, and 50 is **DENIED** with prejudice; and it is further

2. **ORDERED** that the Fullers' motion to compel as to requests for admissions 1, 2, 11 12, 13, 14, 16, 19, 23, 31, 33, 34, 41, 47, 48, 51, 52, 53, 54, 55, 57, 56, 58, 59, and 60 is **DENIED** without prejudice for the reasons stated above, the parties shall meet and confer, and if necessary, submit a joint dispute letter in accordance with this Court's Opinion and the pretrial scheduling order, within 21 days. The letter shall not exceed 12 pages; and it is further

---

[18] (D.E. 15, Pretrial Sched. Order).

3. **ORDERED** that the Fullers' motion to compel as to requests for admissions 39 and 40 is **GRANTED**. Insys shall supplement and amend its responses as appropriate within 14 days.



*Steven C. Mannion*
Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/20/2018 5:21:38 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File