UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| FULLER, et al., | |
|---|---|
| Plaintiffs, | Civil Action No. 2:17-cv-07877-ES-SCM |
| v. | **OPINION ON DISCOVERY DISPUTE** |
| INSYS THERAPEUTICS, INC, et al., | **[D.E. 136]** |
| Defendants. | |

**Steven C. Mannion**, United States Magistrate Judge.

Before this Court is non-party Linden Care, LLC's ("Linden Care") motion to quash a subpoena from Plaintiffs Deborah and David Fuller ("the Fullers") filed on September 14, 2018.[1] The Fullers opposed the motion, and Linden Care filed a reply.[2] The Court has reviewed the respective submissions and decides the dispute without oral argument.[3] For the reasons set forth herein, the motion to quash is **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY[4]

The Court set forth the relevant facts of this case in its January 19, 2018 Report and Recommendations;[5] therefore, this Opinion will only discuss those facts necessary to adjudicate

---

[1] (ECF Docket Entry No. ("D.E.") 136). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 139, Opp'n Letter; D.E. 157, Reply).

[3] L. Civ. R. 78.1.

[4] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[5] (D.E. 21, R. & R.).

the present motion. The Fullers originally filed this action against Linden Care, Insys Therapeutics, Inc. ("Insys"), and other defendants. Insys removed the case to this District Court.[6]

The Fullers settled their claims against Linden Care and filed a stipulation of dismissing those claims on March 14, 2018.[7] The next day, the Honorable Esther Salas, U.S.D.J. ordered the dismissal of all claims against Linden Care.[8]

On June 14, 2018, the Fullers' subpoena *duces tecum* was served upon Linden Care in Melville, New York.[9] The Subpoena sought 30 categories of documents spanning a period from 2012 to present.[10]

On June 22, 2018, Linden Care requested the Fullers agree to a 30-day extension to respond, and received a two-week extension until July 23, 2018.[11]

On July 19, 2018, Linden Care objected that compliance with the Subpoena would be "unduly burdensome," warned that it would move to quash if the Fullers did not "narrow the scope of the Subpoena," and sought an additional extension to September 21, 2018.[12] The Fullers refused to "narrow" the scope of the Subpoena but consented to an extension to September 14, 2018.[13]

---

[6] (D.E. 1, Notice of Removal).

[7] (D.E. 35, Stipulation).

[8] (D.E. 36, Dismissal Order).

[9] (D.E. 139-1 at 9, Proof of Service).

[10] (D.E. 139-1 at 5- 8, Subpoena Addendum).

[11] (D.E. 139-2 at 2, Email string).

[12] (D.E. 139-2 at 4, Email string; D.E. 157-4 at 1, Email string).

Linden Care filed this motion to quash on September 14, 2018.[14]

## II. **MAGISTRATE JUDGE AUTHORITY**

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[15] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions which includes discovery motions.[16] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[17]

## III. **LEGAL DISCOVERY STANDARD**

Discovery of documents from a non-party may be achieved by subpoena.[18] A subpoena under Rule 45 "must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)."[19] That means that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[20]

---

[13] (D.E. 139-2 at 5-6, Email string).

[14] (D.E. 136, Mot. to Quash).

[15] 28 U.S.C. § 636(b)(1)(A).

[16] L. Civ. R. 72.1(a)(1); 37.1.

[17] § 636(b)(1)(A).

[18] *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").

[19] *OMS Invs., Inc. v. Lebanon Seaboard Corp.*, No. 08-2681, 2008 WL 4952445, *2 (D.N.J. Nov. 18, 2008).

[20] Fed. R. Civ. P. 26(b)(1).

"Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed."[21]

Federal courts employ a burden-shifting analysis to resolve discovery disputes. A party seeking to compel discovery bears the initial "burden of showing that the information sought is relevant to the subject matter of the action."[22] If that burden is met, "the objecting party must specifically show how each discovery request is objectionable."[23] "The burden [is upon] the party resisting discovery to clarify and explain its objections and to provide support therefor."[24]

Rule 45 bestows "broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands."[25] Protections for those subject to a subpoena are prescribed by Rule 45(d).

First, the Rule commands that an "attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[26] Second, the person subject to a subpoena may object so long as the objection is "served before the earlier of the time specified for compliance or 14 days after the subpoena is served."[27] If an objection is made, a court may further protect a person or entity subject to a

---

[21] *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).

[22] *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

[23] *Kannaday v. Ball*, 292 F.R.D. 640, 644 (D. Kan. 2013).

[24] *Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084, 1102 (D.N.J. 1996) (alteration in original) (citations omitted).

[25] *Lefta Assocs. v. Hurley*, No. 1:09-cv-2487, 2011 WL 1793265, *2 (M.D. Pa. May 11, 2011).

[26] Fed. R. Civ. P. 45(d)(1).

[27] Fed. R. Civ. P. 45(d)(2)(B).

subpoena from the costs of compliance by sanctions under Rule 45(d)(1) and cost-shifting under Rule 45(d)(2)(B)(ii).[28] The former provision is discretionary and applies to parties and non-parties, while the latter is mandatory and only applies to non-parties.[29]

Third, a person subject to a subpoena must be afforded "a reasonable time to comply" and may move to modify or quash.[30] Such motions are mandated in certain circumstances and permissible in others.[31] A court may protect a non-party by "require[ing] the subpoenaing party to tailor the subpoenas to impose a lesser burden, or may order the subpoenaing entity to reimburse the recipient for costs associated with compliance."[32]

## IV. DISCUSSION AND ANALYSIS

Linden Care argues that it has already produced to the Fullers the relevant information which it uniquely possesses and that any other responsive documents are either not relevant, confidential, or pose an undue burden upon Linden Care to produce. The Fullers oppose solely on the basis that Linden Care's objection and motion to quash were untimely.

### A. Rule 45(d)(3): Timeliness of a Motion to Quash a Subpoena

Linden Care argues that objections to a subpoena and motions to quash are separately governed.[33] The Court agrees. Objections to a subpoena "must be served before the earlier of the

---

[28] *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013).

[29] *Id.* at 1184-85.

[30] Fed. R. Civ. P. 45(d)(3).

[31] *Id.*

[32] *United States v. Tennessee Walking Horse Breeders' & Exhibitors' Ass'n*, 727 F. App'x 119, 123 (6th Cir. 2018).

[33] (D.E. 157 at 1-2, Reply Br. (comparing Fed. R. Civ. P. 45(d)(2)(B) and (d)(3)(A)).

5

time specified for compliance or 14 days after the subpoena is served."[34] Conversely, a motion to quash must simply be "timely,"[35] and the at-issue subpoena must "allow a reasonable time to comply."[36]

Here, the Subpoena was extensive and requested 30 separate categories of documents spanning a six-year period. Rule 29 allows the time to respond to a discovery request to be shortened or lengthened by stipulation so long as it does not "interfere with the time set for completing discovery, for hearing a motion, or for trial."[37] Linden Care argues that its objection and motion were timely because of its lack of resources to respond more quickly and the Fullers' agreed to extensions until September 14, 2018. The Fullers acknowledge the extensions but argue that Linden Care engaged in gamesmanship.[38]

Conversely, this was not a situation where Linden Care "assured plaintiff's counsel ... that it intended to comply with the subpoena and simply needed more time to produce the documents requested."[39] Linden Care's July 19, 2018 correspondence stated plainly that if the Fullers did not "narrow the scope of the Subpoena," it would move to quash.[40] The Fullers refused to narrow the Subpoena but agreed to "allow some more time."[41]

---

[34] Fed. R. Civ. P. 45(d)(2)(B).

[35] Fed. R. Civ. P. 45(d)(3)(A).

[36] Fed. R. Civ. P. 45(d)(3)(A)(i).

[37] Fed. R. Civ. P. 29(b).

[38] (D.E. 139 at 2, Pl. Letter Br.).

[39] *In re Motorsports Merchandise Antitrust Litigation*, 186 F.R.D. 344, 350 (W.D. Va. 1999).

[40] (D.E. 157-4 at 1-2, Email string).

[41] (D.E. 139-2 at 5, Email string).

The Court finds that both Linden Care's objection to the Subpoena and its motion to quash were timely given the scope of the Subpoena and the Fullers' extensions.[42] The Fullers have not cited any authority to the contrary. The Court further finds that Linden Care has sustained its burden to show that the Fullers did not afford a reasonable time to comply with the Subpoena.[43]

B. The Relevance of the Documents Requested

Linden Care argues that it has already produced to the Fullers the relevant information which it uniquely possesses and that any other responsive documents are either not relevant, confidential, or pose an undue burden upon Linden Care to produce. The Fullers bear the "burden of showing that the information sought is relevant to the subject matter of the action,"[44] but have made no effort to carry their burden. Therefore, the Court is compelled to **GRANT** Linden Care's motion to quash.

An appropriate Order follows:

**ORDER**

**IT IS** on this Thursday, October 11, 2018,

1. **ORDERED**, that Linden Care's motion to quash the Fullers' subpoena is **GRANTED**; and it is further

2. **ORDERED**, that the Fullers shall provide a copy of this Order to Linden Care

---

[42] *See HT S.R.L. v. Velasco*, 125 F. Supp. 3d 211, 230 (D.D.C. 2015) (scope of subpoena and extensions factored into timeliness of motion).

[43] *Ford Motor Co. v. Versata Software, Inc.*, 316 F. Supp. 3d 925, 933 (N.D. Tex. 2017) (movant on motion to quash bears burden to show insufficient time to comply).

[44] *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

7

within seven (7) days.



Steve C. Mannion
Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/11/2018 5:56:37 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File