# HAWKINS PARNELL
Hawkins Parnell & Young, LLP

600 Lexington Avenue, 8th Floor
New York, NY 10022

Direct: 212-897-9655
Email: rviola@hpylaw.com

January 31, 2020

**VIA E-FILING**
Honorable Esther Salas
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

**Re:    Fuller, et al. v. INSYS Therapeutics, Inc., et al.
          Docket No.: 2:17-cv-07877-ES-SCM**

Dear Judge Salas:

      As Your Honor is aware, this office represents Rochester Drug Cooperative, Inc. ("RDC") in the above captioned matter. In that regard, we write in response to Plaintiffs' request (document 231) to be permitted to submit supplemental briefing in opposition to RDC's pending motion to dismiss. RDC objects to Plaintiffs' request and contends that supplemental briefing is unnecessary, and frankly unwarranted as Plaintiffs' request is predicated solely on Plaintiffs' assertion that they've discovered new information about RDC from their depositions of Michael Babich and John Kapoor. They no give indication as to what this information is and for that reason alone, their request is baseless and therefore should be denied.

      The main thrust of RDC's motion is actually quite simple and not impacted by the testimony of either party.[1] First, Plaintiffs commenced their action against RDC well after the applicable statute of limitations had expired, despite the fact that Plaintiffs should have (and very easily could have) ascertained RDC's identity (Plaintiffs had actively litigated against defendants Insys and Lindencare for years), or at the very least, pled the existence of an as of yet unidentified wholesale distributor such as RDC in their series of amended pleadings. Neither Babich's nor Kapoor's testimony addresses why (or why not) Plaintiffs' complaint is violative of New Jersey's personal injury and wrongful death statutes of limitations. Second, RDC has moved to dismiss for lack of personal jurisdiction based on the fact that while it alleged that Ms. Fuller may have used Subsys within the State of New Jersey, RDC and Lindencare are both out of state, New York entities who engaged in a New York to New York transaction, the only consideration relevant to a personal jurisdiction determination. Neither Babich nor Kapoor gave testimony regarding RDC's domicile nor did they allege any direct involvement by RDC

---

[1] Mr. Kapoor asserted his fifth amendment right in response to almost every question asked and gave no testimony regarding or otherwise impacting RDC

regarding the prescription of substance to the decedent, thus, similar to the statute of limitations issue, neither party's testimony should impact the Court's legal analysis on this issue. Therefore, supplemental briefing is unnecessary.

Because this case is heading towards the discovery phase, RDC respectfully requests that the Court address its motion before RDC is forced to engage in additional, and costly discovery, which it contends is unwarranted given the issues raised in its pending motion. In the event the Court is inclined to grant Plaintiffs' request, RDC respectfully requests that it be given ample time to prepare a rebuttal to Plaintiffs' supplemental briefing, and in further support of its motion to dismiss. To the extent it would assist the Court's determination on supplemental briefing, and if the Court is amenable, RDC would be willing to participate in a telephonic conference with Plaintiffs' counsel and Your Honor to further argue the issue of supplemental briefing.

Respectfully Submitted,

**Hawkins Parnell & Young, LLP**


s/David E. Freed
_____
Roy F. Viola, Jr.
David E. Freed
Attorneys for Defendant
Rochester Drug Cooperative, Inc.

cc:   Mark C. Dewland, Esq.
      Richard J. Hollawell, Esq.
      Console & Hollawell, P.C.
      Phillip w. Crawford, Esq.
      GIBBONS P.C.
      Carlton Fields Jordon Burt, P.A.
      Kurt M. Mullen, Esq.
      Nixon Peabody LLP
      Israel Dahan, Esq.
      King & Spalding LLP